JS - 6

LINK: 9, 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-02344 GAF (MANx) | Date | May 26, 2009 |
|---|---|---|---|
| Title | Petersen Law Firm et al. v. City of Los Angeles et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

## ORDER REMANDING CASE

### I. INTRODUCTION & BACKGROUND

On February 5, 2009, Los Angeles police officer Cesar Mata and his counsel, the Petersen Law Firm and Law Offices of Herbert Hafif (collectively, "Petitioners"), filed a petition for writ of mandate in Los Angeles Superior Court pursuant to section 1085 of the California Code of Civil Procedure against respondents City of Los Angeles, William Bratton, Terry S. Hara, Michael Moriarty, Chris Casey, Nathaniel Williams, and Roes 1–10 (collectively, "Respondents"). (See Not. Removal (Docket No. 1), Ex. A [Petition].) In sum and substance, Petitioners claim that Respondents are violating the California Public Safety Officers Procedural Bill of Rights Act ("PBRA"), Cal. Gov't Code §§ 3300–3313, and the attorney/client privilege by initiating internal affairs investigations of Los Angeles police officers who have joined as plaintiffs in lawsuits brought against the City of Los Angeles for violations of the overtime provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq. Three such lawsuits are currently pending before this Court: Nolan et al. v. City of Los Angeles et al., CV 03-02190 GAF (AJWx), Alaniz et al. v. City of Los Angeles et al., CV 04-08592

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02344 GAF (MANx) | Date | May 26, 2009 |
|---|---|---|---|
| Title | Petersen Law Firm et al. v. City of Los Angeles et al. | | |

GAF (JWJx), and <u>Mata v. City of Los Angeles et al.</u>, CV 07-06782 GAF (AJWx) (collectively, "FLSA actions").[1]

      Specifically, Petitioners allege that the Los Angeles Police Department ("LAPD") conducts pretextual internal affairs investigations of officers who have joined as plaintiffs in the FLSA actions. According to Petitioners, these investigations are intended to harass and intimidate police officers, to "pre-litigate" issues that are pending in the FLSA actions, to coerce the plaintiff officers in those suits into abandoning their overtime claims, and to deter other officers from joining as plaintiffs. (Pet. ¶¶ 24–25.) To carry out its illicit objectives, the LAPD allegedly threatens each officer under investigation that it will file misconduct charges against him for violating the LAPD's overtime policies if the officer expresses that he seeks overtime pay for any activities other than donning and doffing his police uniform and protective equipment. (Pet. ¶¶ 26, 38–39.) Petitioners aver that, faced with the prospect of disciplinary action, none of the approximately fifty officers who have been interviewed by the internal affairs department in connection with these investigations has asserted that his overtime claims extend to activities other than donning and doffing. (Pet. ¶ 39.) Petitioners seek, among other things, a peremptory writ of mandate and a permanent injunction directing Respondents to cease the allegedly unlawful internal affairs investigations, and $25,000 for each violation of the PBRA. (Pet. at 35.)

      Respondents received a copy of the petition on March 5, 2009, and removed the action to this Court on April 3, 2009. After reviewing the petition, the Court issued an Order to Show Cause on April 13, 2009 in which it questioned whether it can exercise subject matter jurisdiction over the present petition because the petition asserts only violations of state law. (4/13/2009 Order to Show Cause (Docket No. 9) at 2.) Both

---

[1] In addition, a fourth case, <u>Batts et al. v. City of Los Angeles et al.</u>, 06-00843 GAF (AJWx), was initiated by various Los Angeles police officers who allege that the City of Los Angeles is retaliating against them for asserting overtime violations by, among other things, forcing them to participate in internal affairs interviews. (See <u>Batts</u>, CV 06-00843 GAF (AJWx), Third Amended Compl. (Docket No. 38) ¶¶ 53–55.) The plaintiffs in <u>Batts</u> have alleged violations of the Fair Labor Standard Act's anti-retaliation provision, 29 U.S.C. § 215(a)(3), 42 U.S.C. § 1985(2), sections 2, 3, and 7 of article I of the California Constitution, section 3304(b) of the PBRA, and section 1102.5 of the California Labor Code. The plaintiffs in all four lawsuits are represented by the law firms that have joined as petitioners in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02344 GAF (MANx) | Date | May 26, 2009 |
|---|---|---|---|
| Title | Petersen Law Firm et al. v. City of Los Angeles et al. | | |

sides submitted responses to the Order to Show Cause (Docket Nos. 10, 12–13), and Respondents subsequently filed a special motion to strike pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16 (Docket No. 14), which is currently scheduled for a hearing on June 1, 2009. The Court has considered the parties' arguments regarding jurisdiction and, as set forth in detail below, concludes that it may not properly exercise removal jurisdiction over the present action. Accordingly, the case is **REMANDED** to Los Angeles Superior Court for further proceedings. Because the Court lacks subject matter jurisdiction over the action, the Court does not consider the merits of Respondents' motion to strike.

## II. DISCUSSION

The principles governing the removal of state-court actions to federal courts are well-established. The federal removal statutes provide:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). In general,

> [t]he presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citation and footnotes omitted). Thus, "a case may ***not*** be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393 (emphasis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02344 GAF (MANx) | Date | May 26, 2009 |
|---|---|---|---|
| Title | Petersen Law Firm et al. v. City of Los Angeles et al. | | |

in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 12 (1983)); see also Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936)).

    In the present action, Respondents' basic premise is that the Court may properly exercise removal jurisdiction because the petition is, in essence, an attempt by Petitioners to attack and circumvent this Court's denials of motions for preliminary injunctions filed by the plaintiffs in the Mata and Alaniz cases. (See Respondents' Mem. at 2 ("The clearly foreseeable and intended effect of Plaintiffs' lawsuit is to collaterally undermine a federal court's order[s].") Respondents cite Baccus v. Parrish, 45 F.3d 958 (5th Cir. 1995), for the proposition that a state-court action initiated by a party who seeks to collaterally attack an order issued by a federal court in a related case confers removal jurisdiction over the state-court action. Baccus, however, is of no use to Respondents because it held only that a federal district court may exercise removal jurisdiction over a state-court action that "seeks to set aside a provision of a settlement agreement in a federal case."[2] Id. at 960 (citing Eyak Native Village v. Exxon Corp., 25 F.3d 773, 778–79 (9th Cir. 1994)). In other words, Baccus merely reflects the general principle that "an action to obtain relief from a federal *judgment* presents a general federal question, which may support removal to federal court." Eyak Native Village, 25 F.3d at 778 (emphasis added).

    Respondents point to the broad statement in Baccus that "[f]ederal jurisdiction is proper where a claim brought in state court seeks to attack or undermine an order of a federal district court." 45 F.3d at 960. But this proposition must be read in the factual context in which it was made, i.e., an attempt to attack a settlement agreement that was

---

[2] In Baccus, the plaintiffs filed a state-court action in which they asserted a state constitutional challenge against a state statute enacted pursuant to a settlement agreement reached in an earlier federal-court case. Id. at 959. After the defendants removed the state-court action to federal court, the plaintiffs moved to remand the case for lack of subject matter jurisdiction. Id. at 959–60. The district court denied the motion because it concluded that the plaintiffs' claim was "in essence a collateral attack on the Settlement Agreement." Id. On appeal, the plaintiffs asserted that the district court erred in not remanding the case because their claim was "exclusively state related." Id. The Fifth Circuit disagreed and affirmed the district court's ruling, reasoning that the exercise of removal jurisdiction was proper because of "the unique nature" of the settlement agreement, and because "the entire basis for [that] settlement . . . would unravel" if the plaintiffs prevailed in the state-court suit. Id. at 960–62.

JS - 6

LINK: 9, 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02344 GAF (MANx) | Date | May 26, 2009 |
|---|---|---|---|
| Title | Petersen Law Firm et al. v. City of Los Angeles et al. | | |

the basis for a final judgment entered in an earlier federal-court action. Moreover, in setting forth this broad statement, the Fifth Circuit relied on Villarreal v. Brown Express, Inc., 529 F.2d 1219 (5th Cir. 1976), which held that a federal court may exercise removal jurisdiction over a state-court action that "attacks the *order of dismissal* entered by the district court in the prior suit between the[] parties." Id. at 1221 (emphasis added). In fact, the Fifth Circuit expressly indicated in Baccus that it "[did] not wish to paint with such broad strokes as to say that any attack on a state's legislation may fall under federal purview if that legislation is somehow connected to the resolution of an independent federal case." Id. at 961.

  Accordingly, Baccus's applicability is properly limited to situations in which the plaintiff in a state-court action seeks to collaterally attack a federal court's previous judgment or final order. Respondents' reliance on Baccus to support removal jurisdiction is therefore misplaced because the Court's denials of motions for preliminary injunction in the Mata and Alaniz cases were interlocutory orders. In Mata, the Court denied a motion for preliminary injunction that sought to temporarily enjoin the internal affairs investigations that serve as the basis of the present lawsuit after concluding that the plaintiffs in that case had failed to prove a likelihood of prevailing on the merits and that the balance of hardships tipped in their favor. (See Mata, CV 07-06782 GAF(JWJx), 7/3/2008 Order (Docket No. 53) at 3–6.) The Ninth Circuit subsequently upheld the Court's ruling. Mata v. City of Los Angeles, No. 08-56268 (9th Cir. Nov. 5, 2008). Approximately one year earlier, the Court had denied a motion for preliminary injunction in Alaniz that raised similar allegations of retaliation, because the plaintiffs in that case likewise failed to establish that they were entitled to preliminary injunctive relief. (See Alaniz, CV 04-08592 GAF (JWJx), 7/18/2007 Order (Docket No. 2531) at 2–6.) Thus, even if the Court were to assume, for purposes of discussion, that Petitioners filed this action in state court to undermine and circumvent the Court's preliminary injunction rulings in Mata and Alaniz, the Court lacks removal jurisdiction over the petition because those rulings were not final orders or judgments. Rather, the Court merely applied the preliminary injunction legal standard and concluded that the plaintiffs in those actions were not entitled to preliminary injunctive relief. As a result, another sovereign's ruling on the issue of retaliation will have no impact or bearing on the Court's ability to oversee

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02344 GAF (MANx) | Date | May 26, 2009 |
|---|---|---|---|
| Title | Petersen Law Firm et al. v. City of Los Angeles et al. | | |

the proper adjudication of the overtime claims at issue in the FLSA actions, though it might affect the LAPD's conduct during the pendency of those proceedings.[3]

As an alternative basis for removal jurisdiction, Respondents contend that the Court may exercise jurisdiction over the petition pursuant to the "artful pleading" doctrine because, "for all intents and purposes," Petitioners' claims arise under the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).  (Mem. at 9.)  The artful pleading doctrine is an exception to the well-pleaded complaint rule.  "An artfully pleaded claim is one that in reality arises under federal law and thus must be recharacterized as such despite the fact that it purports to rely solely on state law."  Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1415 (9th Cir. 1990); see also Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (noting that a federal court may exercise removal jurisdiction if it concludes that the plaintiff has purposefully omitted necessary federal questions to defeat removal).  The reasoning behind the artful pleading doctrine is simple: "[a] plaintiff may not . . . avoid federal jurisdiction simply by omitting from the complaint federal law *essential to his claim*, or by casting in state law terms a claim that can be made only under federal law."  Harper v. San Diego Transit Corp., 764 F.2d 663, 666 (9th Cir. 1985) (emphasis added).  Thus, "where 'artful pleading' is asserted, the court may examine [the] defendant's removal notice and supporting affidavits 'to clarify whether the action [the] plaintiff presents' in fact arises under federal law."  William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:716, at 2D-58.1 (2007) (quoting Schroeder v. Trans World Airlines, Inc.,

---

[3] The Court's holding does not conflict with the primary conclusion reached by the district court in Wilson v. City of San Jose, No. C-95-0633 DLJ, 1995 WL 241452 (N.D. Cal. Apr. 14, 1995).  There, various state officials filed suit in state court after a federal district court preliminarily enjoined the enforcement of California Proposition 187, a ballot initiative passed by California voters in 1994 that denied various social services to illegal aliens.  Id. at *1.  After the defendants removed the action to federal court, the plaintiffs moved to remand the case on the ground that it did not present a substantial federal question.  Id.  The court denied the motion because the court "would not be able to grant the declaratory relief requested without resolving the federal issues as a prima facie matter," given that the complaint anticipated challenges to Proposition 187 based on both state and federal law.  Id. at *3.  In what amounts to a dictum, the court buttressed its conclusion by citing Baccus and finding that "the state action is an obvious attempt to undercut the [federal district court] plaintiffs and [to] seek to bring into question some of the [district court]'s preliminary rulings."  Id. at *5.  For the reasons expressed above, the Court respectfully disagrees with Wilson insofar as the court extended Baccus's applicability to interlocutory orders.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02344 GAF (MANx) | Date | May 26, 2009 |
|---|---|---|---|
| Title | Petersen Law Firm et al. v. City of Los Angeles et al. | | |

702 F.2d 189, 191 (9th Cir. 1983), overruled on other grounds by Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 9–11 (2003), as recognized in Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1245–46 (9th Cir. 2009)).

     Here, the artful pleading doctrine is inapposite because nothing in the petition compels the conclusion that an FLSA anti-retaliation claim is essential to the relief Petitioners seek. Indeed, injunctive relief is available under the PBRA to enjoin ongoing violations of the statute and to prevent future violations, "including, but not limited to, the granting of a temporary restraining order, preliminary injunction, or permanent injunction prohibiting the public safety department from taking any punitive action against the public safety officer." Cal. Gov't Code § 3309.5(d)(1). PBRA also authorizes the imposition of a civil penalty not to exceed $25,000 for each violation of the PBRA that was carried out with the intent of injuring a public safety officer. Id. § 3309.5(e). Furthermore, the petition's brief discussion of Mullins v. City of New York, 554 F. Supp. 2d 483 (S.D.N.Y. 2008), a § 215(a)(3) case, and Karmel v. City of New York, 200 F. Supp. 2d 361 (S.D.N.Y. 2002), a Title VII action, does not implicate the artful pleading doctrine because the cases are cited merely as examples of cases in which the New York Police Department engaged in conduct similar to that in which the LAPD is alleged to have engaged. Petitioners may have intentionally omitted a § 215(a)(3) claim to avoid removal, but they are well within their right to do so as long as state law provides an independent cause of action and Petitioners are not attempting to conceal a valid basis for removal. See Caterpillar, 482 U.S. at 392; Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1395 (9th Cir. 1988). Accordingly, the artful pleading doctrine does not confer removal jurisdiction over the present case.

### III. CONCLUSION

     For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this action. Accordingly, the Court's April 13, 2009 Order to Show Cause is **VACATED**, and the case is **REMANDED** to Los Angeles Superior Court for

JS - 6

**LINK: 9, 14**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02344 GAF (MANx) | Date | May 26, 2009 |
|---|---|---|---|
| Title | Petersen Law Firm et al. v. City of Los Angeles et al. | | |

further proceedings.  Because the Court lacks subject matter jurisdiction over the action, the Court does not address the merits of Respondents' motion to strike.  The hearing previously scheduled for June 1, 2009 is **VACATED**.

**IT IS SO ORDERED.**